**IT IS ORDERED as set forth below:**

**Date: March 5, 2026**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| IN THE MATTER OF: | : | CASE NUMBER |
|---|---|---|
| DAVID DEVONTE FAIRCHILD, | : | 25-59296-LRC |
| | : | |
| | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| DEBTOR. | : | BANKRUPTCY CODE |

## ORDER

Before the Court is Debtor's Amended Motion to Reopen Case for the purpose of filing a reaffirmation agreement (Doc. 41, the "Amended Motion"). On August 15, 2025, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Debtor received a discharge, and the case was closed on January 15, 2026. On January 30, 2026, Debtor filed a motion, seeking to reopen the case for the purpose of filing a reaffirmation agreement between Debtor and Publix Employee Credit Union ("PEFCU") (Doc. 35, the

"Motion"). The Motion stated that "a lack of experience caused the reaffirmation agreement to not be filed in a timely manner."

The Court entered an order on February 9, 2026, (Doc. 38, the "Order") noting that a copy of an executed reaffirmation agreement was not attached to the Motion, and the Motion did not state when Debtor made a reaffirmation agreement with PEFCU. The Court gave Debtor an opportunity to amend the Motion to clarify when the reaffirmation agreement was made. Debtor filed the Amended Motion on March 3, 2026, which clarifies that Debtor did not understand the necessity of entering a reaffirmation agreement with PEFCU until he was informed by the Chapter 7 trustee. Debtor also filed a reaffirmation agreement (Doc. 42, the "Reaffirmation Agreement") and a letter from PEFCU. It appears from the Amended Motion and the Reaffirmation Agreement that Debtor and PEFCU had not "made" a reaffirmation agreement until after the discharge was entered in this case.

As the Court noted in the Order, pursuant to § 350(b) of the Bankruptcy Code, the Court may reopen a closed case "to administer assets, to accord relief to the debtor, or for other cause." *See* 11 U.S.C. § 350(b); *see also* FED. R. BANKR. P. 5010. "Cause" to reopen a case does not exist if "'reopening a bankruptcy case would serve no purpose.'" *In re Wang*, 2007 WL 7140214, *1 (Bankr. N.D. Ga. Jan. 26, 2007) (Massey, J.) (quoting *In re James*, 2005 Bankr. LEXIS 288 (Bankr. N.D. Ga. 2005)). Here, Debtor seeks to

reopen the case to file a reaffirmation agreement with PEFCU. Under § 524(c), a reaffirmation agreement is enforceable only if it is "made" prior to the entry of the discharge. *See* 11 U.S.C. § 524(c); *see also Wang*, 2007 WL 7140214, *1 (citing *In re Kinion*, 207 F.3d 751, 756 (5th Cir. 2000)). The date of execution of a reaffirmation agreement is not necessarily dispositive of the date upon which the agreement is "made" for purposes of § 524(c). *See In re Lebeau*, 247 B.R. 53, 539 (Bankr. M.D. Fla. 2000); *In re Picciano*, 2008 WL 1984255 (Bankr. E.D. Va. May 5, 2008). For example, in *In re Lebeau*, the court concluded that a reaffirmation agreement is "made" within the meaning of § 524(c) at the time a "meeting of the minds" exists between the parties. *In re Lebeau*, 247 B.R. at 539. To determine whether a meeting of the minds existed prior to the entry of the discharge, the court considered evidence regarding the parties' intent to enter a reaffirmation agreement. *Id*.

The Reaffirmation Agreement that appears to have been prepared by PEFCU and sent to Debtor on March 2, 2026. It was signed by Debtor on March 3, 2026, but has not yet been executed by PEFCU. Based on these facts, the Court cannot conclude that the agreement was "made" prior to the entry of the discharge. Accordingly, reopening the case to permit the filing of the Reaffirmation Agreement would be futile. For this reason,

IT IS ORDERED that the Amended Motion is DENIED, and to the extent the Reaffirmation Agreement contains a motion for approval of the Reaffirmation Agreement,

3

it is DENIED.

**END OF DOCUMENT**

**Distribution List**

David Devonte Fairchild
Apt 414
2100 Arbor Drive
Duluth, GA 30096

Yomairo Santiago
Member Resolution Specialist
Publix Employees Federal Credit Union
3005 New Tampa Highway
P.O. Box 1000
Lakeland, FL 33802

Neil C. Gordon
Taylor Duma LLP
Suite 200
1600 Parkwood Circle SE
Atlanta, GA 30339